IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JAYME FLAWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:19-cv-06140 |
| | ) |
| AKAL SECURITY, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Akal Security, Inc., hereby removes this case from the Circuit Court of Platte County, Missouri, to this Court. Defendant states the following in support of this Notice of Removal:[1]

**I.    TIMELINESS OF REMOVAL.**

1.     Plaintiff Jayme Flaws commenced this action on September 11, 2019, in the Circuit Court of Platte County, Missouri, by filing a Petition styled *Jayme Flaws v. Akal Security, Inc.*, Case No. 19AE-CC00276.

2.     The Summons and Petition were served on Defendant on September 13, 2019.

3.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days after Defendant was served with the Summons and Petition.

4.     A copy of all process, pleadings, and orders served on Defendant is attached as Exhibit A, in accordance with 28 U.S.C. § 1446(a).

---

[1] By filing this Notice of Removal, Defendant does not waive any defenses to Plaintiff's allegations or objections to personal jurisdiction, including but not limited to, sufficiency of process, service of process, and jurisdiction.

## II. APPROPRIATE VENUE AND NOTICE REQUIREMENT.

5. Venue is proper in this Court because this case was originally filed in the Circuit Court of Platte County, Missouri, which lies within this judicial district. 28 U.S.C. §§ 105(b)(3), 1446(a); L.R. 3.2(a)(1)(B).

6. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of Platte County, Missouri, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## III. NATURE OF CLAIMS & FEDERAL JURISDICTION.

### A. Federal Question Jurisdiction – 28 U.S.C. § 1331.

7. Plaintiff's Petition asserts two counts under the Family and Medical Leave Act ("FMLA"): interference in violation of 29 U.S.C. § 2615(a)(1) and retaliation in violation of 29 U.S.C. § 2615(a)(2). *See* Petition, ¶¶80-109.

8. Accordingly, this Court has original federal question jurisdiction over this case under 28 U.S.C. § 1331.

9. Plaintiff also asserts counts for disability discrimination, failure to accommodate, and retaliation under the Missouri Human Rights Act ("MHRA"). *See* Petition, ¶¶34-79.

10. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

11. Claims are part of the same case or controversy "if they derive from a common nucleus of operative fact," which means "the claims are such that [plaintiff] would ordinarily be

expected to try them all in one judicial proceeding." *ABF Freight Sys., Inc. v. Int'l Broth. of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011).

12. Here, Plaintiff's MHRA and FMLA counts derive from a common nucleus of operative fact, *i.e.*, Plaintiff's alleged need for leave because of a health condition and Defendant's alleged suspension of Plaintiff. *See* Petition, ¶¶18-33. Accordingly, the Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

**B.     Diversity Jurisdiction – 28 U.S.C. § 1332.**

13. Diversity jurisdiction requires complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332. *See also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).

14. Plaintiff states she is a "resident of the United States currently residing in Odessa, Lafayette County, Missouri." Petition, ¶2. Plaintiff, accordingly, is a resident of the State of Missouri for purposes of diversity jurisdiction.

15. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

16. Akal is a corporation organized under the laws of the State of New Mexico and has its principal place of business in Espanola, New Mexico. *See* Exhibit B, Declaration of Siri Chand Khalsa. Accordingly, Akal is not a citizen of Missouri.

17. Diversity jurisdiction also requires that the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

18. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000.00. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).

19. Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.00. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

20. Plaintiff's Petition states she seeks to recover "economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper." Petition, Counts I-III, WHEREFORE clauses. Plaintiff also seeks liquidated damages for her FMLA counts. Petition, Counts IV-V, WHEREFORE clauses.

21. When removal is based on diversity and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

22. Without admitting liability or that Plaintiff is entitled to any relief, Defendant states that Plaintiff's allegations shows the amount in controversy exceeds $75,000.00.

23. Recent jury verdicts and attorneys' fees awards received by plaintiffs in MHRA cases have exceeded $75,000.00:

- *Diaz v. Autozoners LLC, and Autozone, Inc.*, No. 1216-CV28445 (Mo. Cir. Ct. Jackson County, 2014): jury awarded plaintiff $75,000 in actual damages and $2.5 million in punitive damages on her sexual harassment claim;

- *Bashir v. Sw. Bell Tel.*, No. 1016-CV38690 (Mo. Cir. Ct. Jackson County, 2012): jury awarded plaintiff $120,000 in actual damages and $5 million in punitive damages on her hostile work environment and retaliation claims;

- *Ingraham v. UBS Fin. Servs., Inc. and Decoder*, No. 0916-CV36471 (Mo. Cir. Ct. Jackson County, 2011): jury awarded plaintiff $592,000 in actual damages and $10 million in punitive damages on her sexual harassment and retaliation claims;

- *Eickhoff v. Union Pac.*, No. 0816-CV20813 (Mo. Cir. Ct. Jackson County, 2009): jury awarded plaintiff $120,000 in compensatory damages and $1.27 million in punitive damages on her sex discrimination and retaliation claims;

- *Lynn v. TNT Logistics, Inc.*, No. 04-CV-216802 (Mo. Cir. Ct. Jackson County, 2006): jury awarded plaintiff $50,000 in compensatory damages and $6.75 million in punitive damages on her sexual harassment claim; and

- *Bryant v. Smith & Boys and Girls Clubs of Kan. City*, No. 04CV235373 (Mo. Cir. Ct. Jackson County, 2006): jury awarded plaintiff $375,000 in actual damages and $125,000 in punitive damages for her retaliation claim.

24. Considering the combination of Plaintiff's potential claims for back pay, front pay, compensatory damages, emotional distress, punitive damages, liquidated damages, and attorneys' fees, it is clear that a fact finder could legally conclude Plaintiff's damages exceed $75,000, exclusive of interest and costs.

WHEREFORE, having fulfilled all statutory requirements, Defendant removes the above-captioned matter to this Court from the Circuit Court of Platte County, Missouri, and requests the Court to assume full jurisdiction over the matter as provided by law and to permit this action to proceed before it.

Respectfully submitted,

*/s/ Robert A. Sheffield*
Robert A. Sheffield, Mo. Bar 65362
Whitney L. Fay, Mo. Bar 68061
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
Telephone: (816) 627-4400
Facsimile: (816) 627-4444
rsheffield@littler.com
wfay@littler.com

ATTORNEYS FOR DEFENDANT

# CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019, a true and correct copy of the above and foregoing was filed through the Court's electronic filing system and was served on the following counsel of record by e-mail:

Marc N. Middleton
Megan Lowe Stiles
CORNERSTONE LAW FIRM
m.middleton@cornerstonefirm.com
m.stiles@cornerstonefirm.com

ATTORNEYS FOR PLAINTIFF

*/s/ Robert A. Sheffield*
Attorney for Defendant