Exhibit A

**IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

| | | |
|---|---|---|
| **JAYME FLAWS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  19AE-CC00276 |
| | ) | |
| **AKAL SECURITY, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW, Megan L. Stiles, of Cornerstone Law Firm, and hereby enters her

appearance as additional counsel for the Plaintiff.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:  /s/ Megan L. Stiles
Marc N. Middleton     MO BAR 60002
m.middleton@cornerstonefirm.com
Megan L. Stiles        MO BAR 69202
m.stiles@cornerstonefirm.com
8350 N. St. Clair Ave. Suite 225
Kansas City, Missouri 64151
Telephone            (816) 581-4040
Facsimile             (816) 741-8889
ATTORNEYS FOR PLAINTIFF



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>THOMAS C FINCHAM | **Case Number:  19AE-CC00276** |
| Plaintiff/Petitioner:<br>JAYME LEE FLAWS | Plaintiff's/Petitioner's Attorney/Address<br>MARC NELSON MIDDLETON<br>8350 NORTH ST CLAIR AVENUE<br>SUITE 225<br>KANSAS CITY, MO  64151 |
| vs. | |
| Defendant/Respondent:<br> AKAL SECURITY, INC. | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO  64079 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **AKAL SECURITY, INC.**
**Alias:**

**CSC LAWYERS INCORP SERVICE CO**
**221 BOLIVAR ST**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*

*PLATTE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| | |
|---|---|
| *Wednesday, September 11, 2019* | */s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C.* |
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                                              Date                                                    Notary Public

| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 5:19-cv-06140-GAF   Document 1-2   Filed 10/11/19   Page 3 of 22

Electronically Filed - Platte - September 11, 2019 - 10:43 AM

**IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

| | | |
|---|---|---|
| **JAYME FLAWS,** | ) | |
| c/o Cornerstone Law Firm | ) | |
| 8350 N. St. Clair Ave., Ste. 225 | ) | |
| Kansas City, MO 64151 | ) | Case No._____ |
| | ) | |
| Plaintiff, | ) | Division_____ |
| | ) | |
| v. | ) | |
| | ) | |
| **AKAL SECURITY, INC.,** | ) | REQUEST FOR JURY TRIAL |
| *Registered Agent*: CSC-Lawyers | ) | |
| Incorporating Service Company | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101, | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION FOR DAMAGES**

COMES NOW Jayme Flaws ("Plaintiff"), by and through her attorneys and for her cause of action against Defendant Akal Security, Inc., states and alleges as follows:

**Parties and Jurisdiction**

1. This is an employment case arising under the Missouri Human Rights Act, MO. REV. STAT. §§ 213.010 *et seq.* ("MHRA") and the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

2. Plaintiff is a citizen of the United States currently residing in Odessa, Lafayette County, Missouri.

3. Defendant Akal Security, Inc. ("Defendant" or "Akal Security") is a New Mexico corporation that conducts substantial and continuous business in the state of Missouri.

4. Akal Security operates a place of business at 12200 N. Ambassador Dr. #233, Kansas City, Platte County, Missouri 64153.

5. Akal Security employs six (6) or more people in the state of Missouri.

6.  Akal Security employs fifty (50) or more people within a seventy-five (75) mile radius.

7.  Akal Security is an employer within the meaning of the MHRA.

8.  Akal Security is an employer within the meaning of the FMLA.

9.  This court has jurisdiction over the parties and subject matter of this action.

10. Venue is proper in Platte County, Missouri, pursuant to MO. REV. STAT. §§ 508.010 and 213.111 because a substantial portion of the discriminatory conduct alleged herein occurred in Platte County, Missouri.

### Administrative Procedures

11. On December 17, 2018, Plaintiff timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant alleging disability discrimination, failure to accommodate, and retaliation (attached as Exhibit 1 and incorporated herein by reference).

12. On June 17, 2019, the MCHR issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference).

13. The aforesaid Charge of Discrimination provided the MCHR and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of a MCHR or EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

14. This lawsuit is filed within ninety (90) days of the issuance of the MCHR's Notice of Right to Sue.

15. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

16. This action is filed within the applicable statutes of limitations.

**<u>Additional Factual Allegations</u>**

17. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

18. Plaintiff worked as a security officer for Defendant.

19. Plaintiff was promoted to Supervisory Transportation Security Officer around the end of 2015.

20. Around early June 2017, Plaintiff suffered a miscarriage.

21. As a result of Plaintiff's miscarriage, she missed a few days of work.

22. Plaintiff told her managers/supervisors that she miscarried and provided Akal Security with a doctor's note explaining her absences. Despite this, Akal Security penalized Plaintiff for her absences and Plaintiff received a documented verbal warning on June 19, 2017.

23. As a result of Plaintiff's miscarriage, she began experiencing anxiety and started having panic attacks.

24. On or around February 2, 2018, Plaintiff went to the doctor and was diagnosed with anxiety/depression.

25. Plaintiff informed one of her terminal managers, K.B., of her diagnoses.

26. Upon learning of Plaintiff's condition, K.B. mentioned to Plaintiff that Plaintiff's boss, J.S., did not "believe" in depression.

27. This conversation, along with the stigma surrounding mental illness, discouraged Plaintiff from pursuing FMLA leave at that time.

28. Plaintiff continued to try and overcome her anxiety and depression but ultimately continued to suffer from intermittent panic attacks and flare-ups with her depressive episodes. She provided Defendant with doctor's notes for days missed.

29. On July 1, 2018, Plaintiff called in sick to work because she experienced an adverse reaction to a new medicine she was taking for her anxiety.

30. On July 8, 2018, Plaintiff emailed J.S. and explained the circumstances surrounding her July 1, 2018 absence. Plaintiff also conveyed that she was in the process of submitting FMLA paperwork for her condition.

31. On July 11, 2018, Plaintiff was issued a Personnel Action Report wherein she was removed from her work schedule "pending investigation."

32. On July 13, 2018, J.S. emailed Plaintiff and told Plaintiff he had received her FMLA paperwork from her physician, and that he would contact Plaintiff after he discussed Plaintiff's request for FMLA with Defendant's HR department.

33. J.S. never reached back out to Plaintiff regarding her FMLA leave or the status of Plaintiff's employment; Plaintiff's attempts to contact J.S. were unsuccessful.

<u>COUNT I</u>
Violation under MO. REV. STAT. §§ 213.010 *et seq.*
Disability Discrimination

34. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

35. At all times relevant, Plaintiff was a member of a protected class pursuant to the MHRA because she had a physical impairment that substantially limited one or more of her major life activities, had a record of such impairment, and/or was regarded by Defendant as having a physical impairment.

4

36. At all times relevant, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

37. Defendant subjected Plaintiff to multiple adverse employment actions during her employment, including discipline, suspensions, failing to timely process/address Plaintiff's FMLA paperwork, and termination.

38. Plaintiff's disability was a motivating factor in the aforementioned adverse employment actions.

39. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

40. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

41. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

42. As shown by the foregoing, as a result of her disability, Plaintiff suffered intentional unlawful discrimination.

43. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

44. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages and related compensatory damages.

45. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

46. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

47. Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## <u>COUNT II</u>
### Violation under MO. REV. STAT. §§ 213.010 *et seq.*
### Disability Discrimination—Failure to Accommodate

48. Plaintiff re-alleges and incorporates herein by reference as though fully set forth herein, all the above numbered paragraphs.

49. At all times relevant, Plaintiff was a member of a protected class pursuant to the MHRA because she had a physical impairment that substantially limited one or more of her major life activities and/or had a record of such impairment.

6

Electronically Filed - Platte - September 11, 2019 - 10:43 AM

50. At all times relevant, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

51. In penalizing Plaintiff for taking time off work associated with her anxiety/depression, Defendant failed to accommodate Plaintiff's disability.

52. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

53. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

54. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

55. As shown by the foregoing, as a result of her disability, Plaintiff suffered intentional unlawful discrimination.

56. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

57. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages and related compensatory damages.

58. By failing to take prompt and effective remedial action, Defendant's in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

59. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

60. Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

<u>COUNT III</u>
**Violation under Mo. Rev. Stat. §§ 213.010 *et seq*.
Disability Discrimination—Retaliation**

61. Plaintiff re-alleges and incorporates herein by reference as though fully set forth herein, all the above numbered paragraphs.

62. At all times relevant, Plaintiff was a member of a protected class pursuant to the MHRA because she had a physical impairment that substantially limited one or more of her major life activities, had a record of such impairment, and/or was regarded by Defendant as having a physical impairment.

63. At all times relevant, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

8

64. In disclosing her anxiety and depression to Defendant, Plaintiff engaged in one or more protected activities under the MHRA.

65. In requesting that time off for her disability be excused, Plaintiff engaged in one or more protected activities under the MHRA.

66. In penalizing Plaintiff for her disability-related absences, Defendant retaliated against Plaintiff.

67. In suspending Plaintiff's employment, Defendant retaliated against Plaintiff.

68. In terminating Plaintiff's employment, Defendant retaliated against Plaintiff.

69. In failing to process or otherwise respond to Plaintiff's FMLA paperwork, Defendant retaliated against Plaintiff.

70. A causal connection exists between the aforementioned adverse actions and Plaintiff's exercise of her rights under the MHRA.

71. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

72. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

73. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

74. As shown by the foregoing, as a result of her protected activities, Plaintiff suffered intentional unlawful retaliation.

75. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

76. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages and related compensatory damages.

77. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

78. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

79. Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT IV**
**Violation under 29 U.S.C. § 2615(a)(1)**
**FMLA Interference**

80. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

81. At all relevant times, Plaintiff was an eligible employee pursuant to the FMLA.

82. At all relevant times, Plaintiff suffered from one or more serious medical condition(s) pursuant to the FMLA.

83. Upon learning that Plaintiff had to miss work because she suffered a miscarriage, Defendant willfully interfered with Plaintiff's right to take FMLA leave by failing to inform Plaintiff of her potential eligibility or otherwise initiate the FMLA process. Instead, Plaintiff was penalized for those absences.

84. By penalizing Plaintiff for absences associated with her anxiety/depression, Defendant interfered with Plaintiff's right to take FMLA leave.

85. By suspending or otherwise terminating Plaintiff's employment, Defendant interfered with Plaintiff's right to take FMLA leave.

86. By failing to timely process Plaintiff's request for FMLA leave, Defendant interfered with Plaintiff's right to take FMLA leave.

87. A causal connection exists between the aforementioned adverse actions and Plaintiff's exercise of her FMLA rights.

88. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

89. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

90. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the FMLA.

91. Defendant engaged in a willful violation of the FMLA because Defendant knew of its obligations under the FMLA and/or showed reckless disregard of those obligations.

92. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

93. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages from Defendant.

94. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT V
### Violation under 29 U.S.C. § 2615(a)(2)
### FMLA Retaliation

95. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

96. At all relevant times, Plaintiff was an eligible employee pursuant to the FMLA.

97. At all relevant times, Plaintiff suffered from one or more serious medical condition(s) pursuant to the FMLA.

98. Plaintiff engaged in a protected activity pursuant to the FMLA by reporting her serious medical condition(s) to Defendant.

99. Plaintiff engaged in a protected activity pursuant to the FMLA by requesting FMLA leave.

100. In suspending Plaintiff's employment, Defendant retaliated against Plaintiff.

101. In terminating Plaintiff's employment, Defendant retaliated against Plaintiff.

102. Plaintiff's exercise of her FMLA rights was a motivating or determining factor in the subsequent adverse actions taken against her.

103. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine respondeat superior.

104. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

105. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the FMLA.

106. Defendant engaged in a willful violation of the FMLA because Defendant knew of its obligations under the FMLA and/or showed reckless disregard of those obligations.

107. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

108. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages from Defendant.

109. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## **Demand for Jury Trial**

Plaintiff requests a trial by jury in the Circuit Court of Platte County, Missouri, on all counts and allegations of wrongful conduct alleged in this Petition.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: /s/ Marc N. Middleton
      Marc N. Middleton      MO BAR 60002
      m.middleton@cornerstonefirm.com
      Megan Lowe Stiles      MO BAR 69202
      m.stiles@cornerstonefirm.com
      8350 N. St. Clair Ave. Suite 225
      Kansas City, Missouri 64151
      Telephone      (816) 581-4040
      Facsimile      (816) 741-8889
      **ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Platte - September 11, 2019 - 10:43 AM

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☑ FEPA | |
| ☑ EEOC | 563-2019-00127 |

__missouri Commission on Human Rights__  State or local Agency, if any

and EEOC

Name (Indicate Mr., Ms., Mrs.)

__Jayme Flaws__

| | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| | 816-587-4040- | |

Street Address

__8350 N. St. Clair Ave, Ste. 225, Kansas City, MO 64151__  City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

Name

__Akal Security, Inc.__

| No. Employees, Members | Phone No. (Include Area Code) |
|---|---|
| 100+ | 816-205-4237 |

Street Address

__12200 N. Ambassador Dr. #233 Kansas City, MO 64143__  City, State and ZIP Code

Name

| | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address

City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

- [ ] RACE
- [ ] COLOR
- [ ] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [x] RETALIATION
- [ ] AGE
- [x] DISABILITY
- [ ] GENETIC INFORMATION
- [ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| May 2017 | present |

[x] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Please see attached.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12·17·18  
Date

Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

RECEIVED  
DEC 17 2018  
By

**Attachment to EEOC Form 5 – Jayme Flaws**

I, Jayme Flaws, bring this Charge of Discrimination against Respondent, Akal Security, Inc. Respondent is an employer within the meaning of the Americans with Disabilities Act as amended ("ADAAA"), 42 U.S.C. §§ 12101 *et seq.* and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010 *et seq.*

I am a member of a protected class pursuant to the ADAAA and MHRA because I am disabled as defined by the same. At all times relevant, I could perform the essential functions of my job with or without reasonable accommodation. The specific facts that give rise to my charges of disability discrimination, failure to accommodate, and retaliation are as follows:

I began working for Respondent around 2013. I worked in security. At the end of 2015, I was promoted to a supervisory position. Around late May or early June 2017, I had a miscarriage. As a result, I missed a few days of work. I told my managers/supervisors that I miscarried and provided Respondent with a doctor's note explaining my absences. Despite this, Respondent penalized me for my attendance and I received a documented verbal warning on June 19, 2017.

As a result of my miscarriage, I began experiencing anxiety. I began having panic attacks and had to miss work. On or around February 2, 2018, I went to the doctor and was diagnosed with anxiety/depression. I informed one of my terminal managers of my diagnosis and she provided me with FMLA paperwork. When I spoke with this manager, she told me that my boss, Jake, does not "believe" in anxiety and depression. This conversation discouraged me from pursuing FMLA leave at that time.

On July 1, 2018, I called in sick to work and informed my supervisor that I had experienced an adverse reaction to a new medicine I was taking for my anxiety. On July 8, 2018, I sent the following email to Jake:

ECEIVE

DEC 1 7 2018

Jake,

I know you've received emails about my attendance so I won't beat around the bush here. I am fully aware of my less than great attendance. You have helped me with so much and I am extremely grateful for that. I understand my time of being helped is nearing the end but I wanted to send you an email to explain myself When I called off on Sunday, July 1, 2018 I was under the impression that I had 12 hours of PTO as I had checked EHub prior to my call-off. Had I of known I did not have that many hours I would have cancelled the scheduled PTO day I had for Thursday, July 5, 2018. By no means am I looking for sympathy or trying to make excuses for my attendance. Saturday evening was the first time I took a prescribed medication and it caused an adverse reaction which resulted in my calling off on Sunday. I have the FMLA paper work but I am too embarrassed to get it filled out and turned in. Looking at my attendance I know it seems like I don't enjoy my job but that isn't the case at all. I would greatly appreciate your consideration of the circumstances surrounding my call off.

Thank you
Jaymie Flaws

In response, Jake replied:

I know you care about the job, I've never doubted that. I'm not going to sugar coat this, I've tried a lot of different things to extend your time to get your attendance settled and it hasn't seemed to work. I'm going to have to remove you from the schedule but I will look at a few different things before deciding to recommend termination. Get the FMLA paperwork completed and bring it to me asap, I will wait to see it before I do anything else.
[Quoted text hidden]
--

Jacob Sledd
MCI DPM
Akal Security
Kansas City, MO
Office: 816-399-3531
Cell: 816-787-6059
jsledd@akalsecurity.com

Consequently, my doctor's office submitted my completed FMLA paperwork to Jake, who received it by July 13, 2018. I was informed that I was removed from my schedule pending investigation. Jake told me that he would follow up with me about the status of my employment, but I never heard back from him.

On October 24, 2018, Respondent finally reached out to me by sending me a letter in the mail. Instead of inviting me back to work, however, Respondent told me to go back to my doctor and get new FMLA certification paperwork even though I already provided the appropriate

RECEIVED
DEC 1 7 2018
By

Electronically Filed - Platte - September 11, 2019 - 10:43 AM

paperwork to Jake in July. Respondent instructed me to do this no later than November 7, 2018—
which is an unrealistic time frame.

In sum, I am a member of a protected class under the MHRA, ADAAA, and the anti-
retaliation provisions thereof, due to my disability and my engagement in protected activities. As
a result of Respondent's actions, I am seeking back-pay, front-pay, emotional distress damages,
punitive damages, attorney's fees, and any other remedy the Commission deems appropriate.





MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS **19AE-CC00276**
# MISSOURI COMMISSION ON HUMAN RIGHTS

FE-12/18-29973
Administrative Use/Records

| MICHAEL L. PARSON | ANNA S. HUI | MELODY A. SMITH, ED.D. | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | ACTING COMMISSION CHAIR | EXECUTIVE DIRECTOR |

Jayme Flaws
c/o Megan Stiles
8350 N. St. Clair Ave., Ste. 225
Kansas City, MO  64151
*Via email*

RE:   Flaws vs. Akal Security, Inc.
        FE-12/18-29973     563-2019-00127

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.                                        June 17, 2019
Executive Director                                          Date

Akal Security, Inc.
12200 N. Ambassador Dr., #233
Kansas City, MO  64163

| ☐ | ☐ | ☐ | ☒ | ☐ |
|---|---|---|---|---|
| 3315 W. TRUMAN BLVD. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1300 | 1410 GENESSEE, SUITE 260 | 106 ARTHUR STREET |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | OZARK, MO 65721-1300 | KANSAS CITY, MO 64102 | SUITE D |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 417-485-6024 | FAX: 816-889-3582 | SIKESTON, MO 63801-5454 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | | FAX: 573-472-5321 |
| FAX: 573-751-2905 | | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)      Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov