**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

JAYME FLAWS,                   )

                  )

         Plaintiff,        )

                  )

     vs.                  )     Case No. 5:19-cv-06140

                  )

AKAL SECURITY, INC.,     )

                  )

         Defendant.     )

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Akal Security, Inc., states the following for its Answer to Plaintiff's Complaint:

## PARTIES AND JURISDICTION

1.     This is an employment case arising under the Missouri Human Rights Act, Mo. R[:v. STAT. §§ 213.010 et seq. ("MHRA") and the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*. ("FMLA").

**ANSWER:   Defendant admits Plaintiff purports to assert claims under the MHRA and the FMLA, but Defendant denies it engaged in unlawful conduct and denies Plaintiff is entitled to any relief.**

2.     Plaintiff is a citizen of the United States currently residing in Odessa, Lafayette County, Missouri.

**ANSWER:   Admitted.**

3.     Defendant AKAL Security, ("Defendant" or "Akal Security") is a New Mexico corporation that conducts substantial and continuous business in the State of Missouri.

**ANSWER:** Defendant admits it is a New Mexico corporation that conducts business in the State of Missouri. Defendant denies the remaining allegations in Paragraph 3.

4.  Akal Security operates a place of business at 12200 N. Ambassador Dr. 4233, Kansas City, Platte County, Missouri 64153.

**ANSWER:** Defendant admits that it operates a place of business at 12200 N. Ambassador Dr. #233, Kansas City, MO 64163.

5.  Akal Security employs six (6) or more people in the state of Missouri.

**ANSWER:** Admitted.

6.  Akal Security employs fifty (50) or more people within a seventy-five (75) mile radius.

**ANSWER:** Admitted.

7.  Akal Security is an employer within the meaning of the MHRA.

**ANSWER:** Admitted.

8.  Akal Security is an employer within the meaning of the FMLA.

**ANSWER:** Admitted.

9.  The Court has subject matter jurisdiction over the parties and subject matter of this action.

**ANSWER:** Defendant admits the United States District Court for the Western District of Missouri has subject matter jurisdiction over Plaintiff's claims and personal jurisdiction over the parties. Otherwise, denied.

2

10.     Venue is proper in Platte County, Missouri, pursuant to Mo. REV. STAT. §§ 508.010 and 213.111 because a substantial portion of the discriminatory conduct alleged herein occurred in Platte County, Missouri.

**ANSWER:    Defendant admits venue is proper in the United States District Court for the Western District of Missouri. Otherwise, denied.**

## ADMINISTRATIVE PROCEDURES

11.     On December 17, 2018, Plaintiff timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant alleging disability discrimination, failure to accommodate, and retaliation (attached as Exhibit 1 and incorporated herein by reference).

**ANSWER:    The allegations in Paragraph 11 refer to a written document attached to the Complaint as Exhibit 1 that speaks for itself. Defendant denies the allegations in Paragraph 11 to the extent they mischaracterize the document.**

12.     On June 17, 2019, the MCHR issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference).

**ANSWER:    The allegations in Paragraph 12 refer to a written document attached to the Complaint as Exhibit 2 that speaks for itself. Defendant denies the allegations in Paragraph 12 to the extent they mischaracterize the document.**

13.     The aforesaid Charge of Discrimination provided the MCHR and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of a MCHR or EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

3

**ANSWER:** Paragraph 13 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 13.

14. This lawsuit is filed within ninety (90) days of the issuance of the MCHR's Notice of Right to Sue.

**ANSWER:** The allegations in Paragraph 14 refer to written documents that speak for themselves. Defendant denies the allegations in Paragraph 14 to the extent they mischaracterize the documents.

15. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

**ANSWER:** Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 15.

16. This action is filed within the applicable statutes of limitations.

**ANSWER:** Paragraph 16 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 16.

<u>**ADDITIONAL FACTUAL ALLEGATIONS**</u>

17. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

**ANSWER:** Defendant incorporates by reference its responses to the above-numbered Paragraphs as if fully set forth herein.

18. Plaintiff worked as a security officer for Defendant.

4

**ANSWER:** **Admitted.**

19.    Plaintiff was promoted to Supervisory Transportation Security Officer around the end of 2015.

**ANSWER:** **Admitted.**

20.    Around early June 2017, Plaintiff suffered a miscarriage.

**ANSWER:** **Admitted, on information and belief.**

21.    As a result of Plaintiff's miscarriage, she missed a few days of work.

**ANSWER:** **Admitted, on information and belief.**

22.    Plaintiff told her managers/supervisors that she miscarried and provided Akal Security with a doctor's note explaining her absences. Despite this, Akal Security penalized Plaintiff for her absences and Plaintiff received a documented verbal warning on June 19, 2017.

**ANSWER:** **Defendant admits Plaintiff provided a doctor's note that indicated she had a miscarriage and that Plaintiff received a verbal warning on June 19, 2017, for attendance violations unrelated to the miscarriage. Defendant denies the remaining allegations in Paragraph 22.**

23.    As a result of Plaintiff's miscarriage, she began experiencing anxiety and started having panic attacks.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 23 and, therefore, denies the same.**

24.    On or around February 2, 2018, Plaintiff went to the doctor and was diagnosed with anxiety/depression.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 24 and, therefore, denies the same.**

5

25.     Plaintiff informed one of her terminal managers, K.B., of her diagnoses.

**ANSWER:     Denied.**

26.      Upon learning of Plaintiff's condition, K.B. mentioned to Plaintiff that Plaintiff's boss, J.S., did not "believe" in depression.

**ANSWER:     Denied.**

27.     This conversation, along with the stigma surrounding mental illness, discouraged Plaintiff from pursuing FMLA leave at that time.

**ANSWER:     Defendant incorporates by reference its response to Paragraphs 25-26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 and, therefore, denies the same.**

28.     Plaintiff continued to try and overcome her anxiety and depression but ultimately continued to suffer from intermittent panic attacks and flare-ups with her depressive episodes. She provided Defendant with doctor's notes for days missed.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 28 and, therefore, denies the same.**

29.     On July 1, 2018, Plaintiff called in sick to work because she experienced an adverse reaction to a new medicine she was taking for her anxiety.

**ANSWER:     Defendant admits Plaintiff called off of work on July 1, 2018. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29 and, therefore, denies the same.**

30.     On July 8, 2018, Plaintiff emailed J.S. and explained the circumstances surrounding her July 1, 2018 absence. Plaintiff also conveyed that she was in the process of submitting FMLA paperwork for her condition.

6

**ANSWER:** Paragraph 30 refers to a written document that speaks for itself. Defendant denies the allegations in Paragraph 30 to the extent they mischaracterize the document.

31. On July 11, 2018, Plaintiff was issued a Personnel Action Report wherein she was removed from her work schedule "pending investigation."

**ANSWER:** Paragraph 31 refers to a written document that speaks for itself. Defendant denies the allegations in Paragraph 31 to the extent they mischaracterize the document.

32. On July 13, 2018, J.S. emailed Plaintiff and told Plaintiff he had received her FMLA paperwork from her physician, and that he would contact Plaintiff after he discussed Plaintiff's request for FMLA with Defendant's HR department.

**ANSWER:** Paragraph 32 refers to a written document that speaks for itself. Defendant denies the allegations in Paragraph 32 to the extent they mischaracterize the document.

33. J.S. never reached back out to Plaintiff regarding her FMLA leave or the status of Plaintiff's employment; Plaintiff's attempts to contact J.S. were unsuccessful.

**ANSWER:** Denied.

<u>COUNT I</u>
Violation under MO. Rev. Stat. §§213.0010 et seq.
Disability Discrimination

34. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

**ANSWER:** Defendant incorporates by reference its response to Paragraphs 1-33 as if fully set forth herein.

7

35. At all times relevant, Plaintiff was a member of a protected class pursuant to the MHRA because she had a physical impairment that substantially limited one or more of her major life activities, had a record of such impairment, and/or was regarded by Defendant as having a physical impairment.

**ANSWER: Denied.**

36. At all times relevant, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

**ANSWER: Denied.**

37. Defendant subjected Plaintiff to multiple adverse employment actions during her employment, including discipline, suspensions, failing to timely process/address Plaintiff's FMLA paperwork, and termination.

**ANSWER: Denied.**

38. Plaintiff's disability was a motivating factor in the aforementioned adverse employment actions.

**ANSWER: Denied.**

39. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

**ANSWER: Denied.**

40. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

**ANSWER:** **Denied.**

41.     Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

**ANSWER:** **Denied.**

42.     As shown by the foregoing, as a result of her disability, Plaintiff suffered intentional unlawful discrimination.

**ANSWER:** **Denied.**

43.     As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

**ANSWER:** **Denied.**

44.     As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages and related compensatory damages.

**ANSWER:** **Denied.**

45.     By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

**ANSWER:** **Denied.**

46.     Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

**ANSWER:** **Denied.**

47.     Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

**ANSWER:     Denied.**

**Defendant further denies that Plaintiff is entitled to any of the relief requested in her prayer for relief or otherwise.**

<u>**COUNT II**</u>
**Violation under MO. REV. STAT. §§ 213.010 *et seq*.**
**Disability Discrimination—Failure to Accommodate**

48.     Plaintiff re-alleges and incorporates herein by reference as though fully set forth herein, all the above numbered paragraphs.

**ANSWER:     Defendant incorporates by reference its response to Paragraphs 1-47 as if fully set forth herein.**

49.     At all times relevant, Plaintiff was a member of a protected class pursuant to the MHRA because she had a physical impairment that substantially limited one or more of her major life activities and/or had a record of such impairment.

**ANSWER:     Denied.**

50.     At all times relevant, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

**ANSWER:     Denied.**

51.     In penalizing Plaintiff for taking time off work associated with her anxiety/depression, Defendant failed to accommodate Plaintiff's disability.

**ANSWER:     Denied.**

52.     At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized

or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

**ANSWER:    Denied.**

53.    Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

**ANSWER:    Denied.**

54.    Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

**ANSWER:    Denied.**

55.    As shown by the foregoing, as a result of her disability, Plaintiff suffered intentional unlawful discrimination.

**ANSWER:    Denied.**

56.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

**ANSWER:    Denied.**

57.    As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages and related compensatory damages.

**ANSWER:    Denied.**

58.    By failing to take prompt and effective remedial action, Defendant's in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

**ANSWER:    Denied.**

59.     Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

**ANSWER:     Denied.**

60.     Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

**ANSWER:     Denied.**

**Defendant further denies that Plaintiff is entitled to any of the relief requested in her prayer for relief or otherwise.**

<u>COUNT III</u>
**Violation under MO. REV. STAT. §§ 213.010 et seq.**
**Disability Discrimination—Retaliation**

61.     Plaintiff re-alleges and incorporates herein by reference as though fully set forth herein, all the above numbered paragraphs.

**ANSWER:     Defendant incorporates by reference its response to Paragraphs 1-60 as if fully set forth herein.**

62.     At all times relevant, Plaintiff was a member of a protected class pursuant to the MHRA because she had a physical impairment that substantially limited one or more of her major life activities, had a record of such impairment, and/or was regarded by Defendant as having a physical impairment.

**ANSWER:     Denied.**

63.     At all times relevant, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

**ANSWER:     Denied.**

64.     In disclosing her anxiety and depression to Defendant, Plaintiff engaged in one or more protected activities under the MHRA.

**ANSWER:    Denied.**

65.     In requesting that time off for her disability be excused, Plaintiff engaged in one or more protected activities under the MHRA.

**ANSWER:    Denied.**

66.     In penalizing Plaintiff for her disability-related absences, Defendant retaliated against Plaintiff.

**ANSWER:    Denied.**

67.     In suspending Plaintiff's employment, Defendant retaliated against Plaintiff.

**ANSWER:    Denied.**

68.     In terminating Plaintiff's employment, Defendant retaliated against Plaintiff.

**ANSWER:    Denied.**

69.     In failing to process or otherwise respond to Plaintiff's FMLA paperwork, Defendant retaliated against Plaintiff.

**ANSWER:    Denied.**

70.     A causal connection exists between the aforementioned adverse actions and Plaintiff's exercise of her rights under the MHRA.

**ANSWER:    Denied.**

71.     At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized

or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

      **ANSWER:    Denied.**

    72.    Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

      **ANSWER:    Denied.**

    73.    Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the MHRA.

      **ANSWER:    Denied.**

    74.    As shown by the foregoing, as a result of her protected activities, Plaintiff suffered intentional unlawful retaliation.

      **ANSWER:    Denied.**

    75.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

      **ANSWER:    Denied.**

    76.    As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress damages and related compensatory damages.

      **ANSWER:    Denied.**

    77.    By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized discrimination against Plaintiff.

      **ANSWER:    Denied.**

78. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

**ANSWER:     Denied.**

79. Pursuant to the provisions of the MHRA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

**ANSWER:     Denied.**

**Defendant further denies that Plaintiff is entitled to any of the relief requested in her prayer for relief or otherwise.**

<u>**COUNT IV**</u>
**Violation under 29 U.S.C. § 2615(a)(1)**
**FMLA Interference**

80. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

**ANSWER:     Defendant incorporates by reference its response to Paragraphs 1-79 as if fully set forth herein.**

81. At all relevant times, Plaintiff was an eligible employee pursuant to the FMLA.

**ANSWER:     Paragraph 81 contains a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in Paragraph 81.**

82. At all relevant times, Plaintiff suffered from one or more serious medical condition(s) pursuant to the FMLA.

**ANSWER:** **Paragraph 82 contains a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in Paragraph 82.**

83.     Upon learning that Plaintiff had to miss work because she suffered a miscarriage, Defendant willfully interfered with Plaintiff's right to take FMLA leave by failing to inform Plaintiff of her potential eligibility or otherwise initiate the FMLA process. Instead, Plaintiff was penalized for those absences.

**ANSWER:** **Denied.**

84.     By penalizing Plaintiff for absences associated with her anxiety/depression, Defendant interfered with Plaintiff's right to take FMLA leave.

**ANSWER:** **Denied.**

85.     By suspending or otherwise terminating Plaintiff's employment, Defendant interfered with Plaintiff's right to take FMLA leave.

**ANSWER:** **Denied.**

86.     By failing to timely process Plaintiff's request for FMLA leave, Defendant interfered with Plaintiff's right to take FMLA leave.

**ANSWER:** **Denied.**

87.     A causal connection exists between the aforementioned adverse actions and Plaintiff's exercise of her FMLA rights.

**ANSWER:** **Denied.**

88.     At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized

or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

>    **ANSWER:    Denied.**

89.    Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

>    **ANSWER:    Denied.**

90.    Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the FMLA.

>    **ANSWER:    Denied.**

91.    Defendant engaged in a willful violation of the FMLA because Defendant knew of its obligations under the FMLA and/or showed reckless disregard of those obligations.

>    **ANSWER:    Denied.**

92.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

>    **ANSWER:    Denied.**

93.    Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages from Defendant.

>    **ANSWER:    Denied.**

94.    Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

>    **ANSWER:    Denied.**

>    **Defendant further denies that Plaintiff is entitled to any of the relief requested in her prayer for relief or otherwise.**

**Violation under 29 U.S.C. § 2615(a)(2)**
**FMLA Retaliation**

95.     Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

**ANSWER:     Defendant incorporates by reference its response to Paragraphs 1-94 as if fully set forth herein.**

96.     At all relevant times, Plaintiff was an eligible employee pursuant to the FMLA.

**ANSWER:     Paragraph 96 contains a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in Paragraph 96.**

97.     At all relevant times, Plaintiff suffered from one or more serious medical condition(s) pursuant to the FMLA.

**ANSWER:     Paragraph 97 contains a legal conclusion to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in Paragraph 97.**

98.     Plaintiff engaged in a protected activity pursuant to the FMLA by reporting her serious medical condition(s) to Defendant.

**ANSWER:     Paragraph 98 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 98.**

99.     Plaintiff engaged in a protected activity pursuant to the FMLA by requesting FMLA leave.

**ANSWER: Paragraph 99 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 99.**

100.  In suspending Plaintiff's employment, Defendant retaliated against Plaintiff.

**ANSWER:  Denied.**

101.  In terminating Plaintiff's employment, Defendant retaliated against Plaintiff.

**ANSWER:  Denied.**

102.  Plaintiff's exercise of her FMLA rights was a motivating or determining factor in the subsequent adverse actions taken against her.

**ANSWER:  Denied.**

103.  At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine respondeat superior.

**ANSWER:  Denied.**

104.  Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

**ANSWER:  Denied.**

105.  Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the FMLA.

**ANSWER:  Denied.**

106. Defendant engaged in a willful violation of the FMLA because Defendant knew of its obligations under the FMLA and/or showed reckless disregard of those obligations.

**ANSWER:** **Denied.**

107. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income as well as other monetary and non-monetary benefits.

**ANSWER:** **Denied.**

108. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages from Defendant.

**ANSWER:** **Denied.**

109. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

**ANSWER:** **Denied.**

**Defendant further denies that Plaintiff is entitled to any of the relief requested in her prayer for relief or otherwise.**

## GENERAL DENIAL

Defendant denies each and every other allegation not otherwise specifically admitted.

## JURY DEMAND

Defendant does not contest Plaintiff's request for a jury trial with regard to any counts of her Complaint that she is entitled to have heard by a jury.

## DESIGNATION OF PLACE OF TRIAL

At this time, Defendant does not object to Plaintiff's designation of Kansas City, Missouri, as the place of trial.

## AFFIRMATIVE & OTHER DEFENSES

1.      Defendant denies all allegations not specifically admitted.

2.      Plaintiff's claims may be barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, and/or waiver.

3.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to engage in reasonable efforts to mitigate her alleged damages by obtaining or maintaining other, comparable employment or, in the alternative, Defendant is entitled to an offset of damages to the extent that Plaintiff's alleged damages have been mitigated.

4.      To the extent Defendant acquires any evidence of wrongdoing by Plaintiff during the course of this litigation that would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages and shall reduce such claims as provided by law.

5.      Defendant had legitimate business reasons for its decisions, and it would have made the same decisions in the absence of any alleged discriminatory or retaliatory motive, the existence of which is denied in any event.

6.      Any and all actions Defendant took with respect to Plaintiff's employment were for legitimate, non-discriminatory, and non-retaliatory reasons and were taken for good cause in the good-faith exercise of Defendant's reasonable business judgment.

7.      Defendant made good-faith efforts to comply with the requirements of applicable law by establishing, communicating, and enforcing policies prohibiting discrimination and retaliation, by educating their employees on such policies, conducting training on such policies, and enforcing such policies, and therefore Defendant may not be held vicariously liable for punitive damages based on the alleged wrongful conduct of agents that were contrary to

Defendant's good-faith efforts.

8.     Defendant did not act with malice or in reckless disregard of Plaintiff's rights and, therefore, Plaintiff is not entitled to an award of punitive damages.

9.     Any award of punitive damages in this case would deprive Defendant of property without due process of law in violation of federal and state constitutions, including the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States, as well as the Missouri State Constitution counterparts.

10.     Plaintiff's claims are barred to the extent she has failed to exhaust administrative remedies before filing this lawsuit.

11.     To the extent, if any, that Defendant is found to have violated the FMLA or MHRA, any violation was not willful.

12.     To the extent an employee or agent of Defendant acted contrary to Defendant's good faith efforts to comply with the MHRA or FMLA, Defendant is not liable for any alleged damage caused thereby.

13.     Plaintiff's claim for liquidated damages is barred because Defendant acted reasonably and in good faith in handling Plaintiff's requests for FMLA leave, and in taking action with respect to the disposition of her requests.

14.     Defendant reserves the right to amend this Answer to add additional or other defenses as may become apparent or necessary after a reasonable opportunity for discovery or otherwise.

Respectfully submitted,

_/s/ Robert A. Sheffield_
Robert A. Sheffield, Mo. Bar 65362
Whitney L. Fay, Mo. Bar 68061
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, Missouri 64106
Telephone:  (816) 627-4400
Facsimile:   (816) 627-4444
rsheffield@littler.com
wfay@littler.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2019, I electronically submitted the foregoing via the Court's CM/ECF system, which will provide notice to the following counsel of record:

Marc N. Middleton
Megan L. Stiles
CORNERSTONE LAW FIRM
8350 North Saint Clair Avenue, Suite 225
Kansas City, Missouri 64151
m.middleton@cornerstonefirm.com
m.stiles@cornerstonefirm.com

ATTORNEYS FOR PLAINTIFF

_/s/ Robert A. Sheffield_
ATTORNEY FOR DEFENDANT