IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JAYME FLAWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-06140-CV-SJ-GAF |
| | ) |
| AKAL SECURITY, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Now before the Court is Nevada Smith f/k/a Michael Buesgens's ("Smith") Motion to Withdraw and for Leave to File *Amicus* Brief ("Motion to Withdraw"). (Doc. # 22). Also pending is Smith's "Request for Leave to File Equitable Relief." (Doc. # 23). On May 21, 2020, Smith submitted a document he entitled "Request Leave to File" on his own behalf. (Doc. # 20). The Court construed the document as a Motion for Leave to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. (Doc. # 21). Thereafter, the Court ordered the parties to show cause why that motion should or should not be granted. (*Id.*). Smith's Motion to Withdraw and "Request for Leave to File Equitable Relief" followed. (Docs. ## 22, 23). No other motions are pending at this time.

A. **Motion to Withdraw**

In the Motion to Withdraw, Smith states he was not seeking leave to intervene but wants to file an *amicus* brief. (*Id.*). However, he does not state to which issue(s) he wishes to speak. (*Id.*). Instead, he cites a case filed in the District of District of Columbia and a case filed in the Southern District of Florida and asks the Court to (1) "rescind" the Court's Order to Show Cause; (2) strike Smith's prior filings and Defendant Akal Security, Inc.'s ("Defendant") corporate

disclosure evidence; (3) order the parties to stipulate to dismissal; and (4) "[e]nter U.S. District Court District of Columbia leave to file denied document on this court docket." (*Id.* at pp. 4-6). Based on Smith's representations, the Court will strike his prior filing (Doc. # 20) and vacate the Order to Show Cause. (Doc. # 21).

Regarding the *amicus* brief, it is within the Court's board discretion to permit an *amicus curiae* to participate in a pending action. *COR Clearing, LLC v. Calissio Resources Grp., Inc.*, No. 8:15CV317, 2015 WL 6604010, at *1 (D. Neb. Oct. 29, 2015) (quotation omitted) (collecting cases); *see United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, No. 4:10-CV-2076 CAS, 2012 WL 3065517, at *6 (E.D. Mo. July 27, 2012). "No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an *amicus* brief." *Id.* (quotation omitted). "Although district courts often look to Federal Rule of Appellate Procedure 29 for guidance, a district court must keep in mind the differences between the trial and appellate court forums in determining whether it is appropriate to allow an *amicus curiae* to participate." *Id.* at *2 (quotation omitted). "Chief among those differences is that a district court resolves fact issues." *Id.* (quotation omitted). "An *amicus* who argues facts should rarely be welcomed." *Id.* (quotation omitted).

District courts consider the following factors when determining whether to allow an *amicus* brief: "(1) whether the information offered through the *amicus* brief is timely and useful; and (2) whether the [entity or individual] seeking to file the *amicus* brief is an advocate for one of the parties." *Id.* (quotation omitted). "District courts throughout the country are split as to the extent to which district courts are willing to permit the participation of an *amicus* who acts primarily as an advocate for one party." *Id.* (quotation omitted).

Here, Smith does not identify any information that may be useful to the Court. Indeed, the parties have not yet filed any motions asking the Court to rule on an issue. Thus, Smith's request to file an *amicus* brief is not ripe and must be denied. Nor will the Court permit Smith a blanket authorization to submit briefs in this case whenever he feels appropriate. If Smith wants to file an *amicus* brief on any issue in this case, he must provide the information after the parties seek the Court's ruling on an issue; explain why the information is useful; and state if he is advocating on behalf of one of the parties, and if so, which party.

It is unclear why Smith requests the Court to strike Defendant's corporate disclosure. If Smith is seeking the Court to declare Defendant is not a legal entity or otherwise rule Defendant is violating some corporate disclosure requirement, the Court notes Plaintiff Jayme Flaws did not raise these issues in her Petition. As a non-party to this lawsuit, Smith is prohibited from injecting his own issues into the case. Accordingly, these issues are not before the Court.

Nor will the Court order the parties to stipulate to a dismissal. The parties have not indicated they have independently resolved the underlying issues of the case. The face of the Petition does not reveal any reason why the case should be dismissed. No party has sought dismissal of the case. The Court will not order parties to do something based on an unsupported request by a non-party in this case or any other case.

Smith's fourth request is unclear. Is he requesting leave to file some unspecified document in this case that he attempted to file in another case? Does he want the Court to order the District Court in the District of Columbia to file some document in a case pending there? Or is he requesting the Court enter an order that the District of Columbia court entered? Regardless of the request, the Court will not grant it without having an opportunity to examine the document and an explanation for its relevancy to this case.

3

B.  **Request for Leave to File Equitable Relief**

In this filing, Smith is again seeking relief beyond that sought by Plaintiff. (Doc. # 23, p. 7). As discussed above, he is not permitted to do so as a non-party. To the extent Smith believes this is an *amicus* brief, it is not. The parties have not yet sought the Court's ruling on any issue. Thus, there is no need for an *amicus* brief, especially on an issue that has not been raised in the case. For this reason, Doc. # 23 will be struck.

## CONCLUSION

For the reasons set forth above, it is ORDERED that:

1. Smith's Motion to Withdraw is GRANTED in part and DENIED in part;

2. The Clerk of the Court STRIKE Doc. # 20 and VACATE Doc. # 21;

3. Smith's requests for leave to file an *amicus* brief, to order the parties to file a stipulation of dismissal, and to "[e]nter U.S. District Court District of Columbia leave to file denied document on this court docket" are DENIED;

4. The Clerk of Court shall terminate Smith's "Intervenor" status;

5. Smith's Request for Leave to File Equitable Relief (Doc. # 23) is STRICKEN;

6. Smith is permanently enjoined from the filing of any motion, document, *amicus* brief, or other material in this case without first obtaining leave of Court. Smith shall file a "Motion Pursuant to Court Order Seeking Leave to File" with any motion, document, *amicus* brief, or other material and must attach a copy of this Order to such motion, document, *amicus* brief, or other material. Any motion or request seeking relief beyond what the parties seek will not be permitted. Further, any *amicus* brief filed before a party seeks the Court's ruling on an issue will not be permitted;

7. The Clerk of Court shall return to Smith (1) any purported motion, document, *amicus* brief,

4

Case 5:19-cv-06140-GAF   Document 24   Filed 06/18/20   Page 4 of 5

or other material that does not comply with the prior paragraph with a copy of this Order or (2) any motion, document, *amicus* brief, or other material that the Court denies leave to file with a copy of the relevant order denying leave to file; and

8. The Clerk of the Court return Docs. # 20 and 23 and any materials submitted with them and mail a copy of this Order to Smith at PO Box 294, Morristown, MN 55052.

                                            s/ Gary A. Fenner
                                            GARY A. FENNER, JUDGE
                                            UNITED STATES DISTRICT COURT

DATED: June 18, 2020